IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| BRENDA K. STAPLETON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-10-324-D |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner | ) | |
| of the Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

This matter is before the Court for review of the Report and Recommendation issued by United States Magistrate Judge Gary M. Purcell pursuant to 28 U.S.C. § 636(b)(1)(B), in this action for judicial review under the Social Security Act, 42 U.S.C. § 405(g). Judge Purcell recommends that the Commissioner's denial of Plaintiff's application for supplemental security income benefits be affirmed. Plaintiff has filed a timely objection. Thus, the Court must make a *de novo* determination of issues specifically raised by the objection, and may accept, modify or reject the recommended decision. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

An administrative law judge (ALJ) found that Plaintiff had multiple severe impairments, including alcohol abuse, and that considering her residual functional capacity based on all the impairments, no jobs existed in the national economy that Plaintiff could perform. However, the ALJ proceeded, as required by the Act and regulations, to determine that Plaintiff's substance abuse was a contributing factor material to the determination of disability and, thus, that Plaintiff was not disabled under the Act. In this action, Plaintiff argues three propositions: (1) the ALJ erred in finding that substance abuse was a material factor in her disability; (2) the ALJ lacked vocational

evidence to support his findings; and (3) the ALJ erred in his assessment of Plaintiff's credibility. In the Report and Recommendation, Judge Purcell conducts a thorough analysis of the issues and, based on the administrative record and the parties' briefs, finds that the ALJ's decision is supported by substantial evidence and employs correct legal standards.

In the Objection, Plaintiff largely ignores Judge Purcell's analysis and repeats, verbatim, the arguments previously presented in her opening brief. *Compare* Pl's Br. [Doc. No. 16] at 2-12, *with* Pl.'s Objection [Doc. No. 20] at 2-11. Plaintiff prefaces this repetition of her arguments with a contention that Judge Purcell did not adequately consider them. However, she identifies no argument that Judge Purcell overlooked or improperly considered.

Plaintiff appears to make one objection directed at Judge Purcell's Report. She contends that Judge Purcell improperly provides *post-hoc* justification for an inadequate analysis by the ALJ. Plaintiff states generally, without any citation to the Report or the record, that Judge Purcell supplied an explanation for the ALJ's rejection of medical evidence that was not provided by the ALJ. *See* Pl.'s Objection [Doc. No. 20] at 2. This argument is not adequately explained in the Objection to permit a reasoned assessment of it, and appears unfounded.

The Court finds Plaintiff's failure to identify any specific error in Judge Purcell's analysis of the issues prevents further review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court." *See United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, upon consideration of Plaintiff's arguments in light of the administrative record, the Court concurs in Judge Purcell's analysis and conclusions. The Court finds that Plaintiff has failed to demonstrate any reversible error in the ALJ's determination.

IT IS THEREFORE ORDERED that the Report and Recommendation [Doc. No. 19] is adopted in its entirety. The Commissioner's decision is affirmed. Judgment will be entered accordingly.

IT IS SO ORDERED this 25th day of March, 2011.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE